Judge Mills
delivered the Opinion of the Court.
This is an action of debt against the executors of Lampton, on a promissory note, made w t()e testator, and on its face negotiable at bank, J °
The issue to be tried was, whether the note was not lent the testator to the plaintiff to be negotiated in bank to raise money, if the hank would discount it, anti if it would not, to be returned to the testator, or in other words, whether the note was, or was not, made for a particular purpose, which not being answered, was tobe of no force, and therefore, delivered on a consideration wiiicjx failed.
One of the ottered "as a witness for defendants, ancHho question now is on bis‘c°n>-PetencJr-
Executor for-™eiNenti-resiliinm^af-ter the lega-ciesi but is ecTto^íistrifa1' utethe’sur-" plus.
Executor was formerly ]ia-if were deficient, not so now"
No party to an action at oan be a witness.
^“S0T1a°^’ie tiie competency of the testimony of a party in an faw^s'bis ínterestinthe matter.
*617 One of tbe executors who was a defendant, was tendered as a witness for the defendants, after showing that they had no other proof in their power to the same facts, which transpired in the lifetime of the testator. They had not the most remote interest in the estate which he represented, by the will or descent, save as executor, and a.party to the suit to reach the estate, and make it liable in ids hands, The court admitted him as a witness, and the jury found for defendants, and to reverse the judgment rendered on this verdict, this writ of error is prose-cnted, and the sole question is the competency of the executor. Before he was sworn, he released all claims against the estate for his services as executor.
An executor for a long time was, ex officio, entitled te the residium after payment of legacies, and thus was interested by supplying the place of a residuary legatee. This interest is, however, long since taken away by act of assembly, which compels him to account for this residium to the next of kin, and gives him no right to any part of the estate qua executor.
Afterwards an executor defendant remained liable for costs out of his own .estate on a deficiency, of assets, and the entries of judgments thus charged him. This also, in this State, is taken away by ant of assembly, and judgments for costs are now rendered tp be levied of the assets in his hands alone, and in no possible case with proper manager raent, can an executor become liable tó more than the assets which comes to his hands, and these he is bound to pay over to the next of kin, if they are not bequeathed, after he shall save therefrom the demands of creditors. Nothing can remain jn his hands except compensation for his services.
• It is laid down in' all the books, that a party to a suit at common law, cannot be a witness,'and some have said that this rule is universal.
But jurists are not entirely agreed as to the reason of the rule, some alleging that it is on the scoVe of interest, and others, that the rule is based on a prin-eiple of policy, and to avoid the danger of perjury, *618 Starlde in his treatise on evidence, 3 vol. pa. 1061, states that the rule is not founded merely on the consideration of interest, for if it was, it would follow, that a party might always be called by his adversary to give evidence against his own interest; tj,e mje js partly, at least, founded on the principle of policy for the prevention of perjury. A pertinent remark by the editor in a note, defeats the reason, by noticing that either party might be put to his oath, and made a witness in equity against himself, where he was quite as likely .to commit perjury as in a suit at law. Other authorities quoted in the notes of the same book, and especially one from 1 Peters’ Rep. 307 — states the foundation of the rule to be the interest in the costs, or subject of dispute, and many instances are quoted where the American courts have admitted parties, where they couldnot.be supposed to have any interest; yet the conclusion of the note recommends an adherence to the rule. We cannot divest ourselves of the belief, that the rule took its rise in the interest of the party, when attempted to be used in his own favor, and in a disposition not to compel him to furnish his adversary with weapons against himself, when impleaded and resisting the demand. It would therefore, seem to follow, that if a party could be found without .any possible interest to gain or jeop-ardise by the event of the suit, he ought to he sworn. As to the bias which he may have to tempt him to commit perjury, modern decisions lean much to let that go to the credibility of the witness only, and npt to his competency, W.e are frequently in the habit of admitting th.e depositions of defendants as witnesses in our .chancery suits.
Defendant in an execution to'prove the property seized is not his, ertyofa third person claiming it.
This court has - also decided, that the defendant in an execution is a competent witness to prove pro-jjerty seized under that execution not to belong to himself. In that case he is a party to the record, and although he is not admitted on the trial before judgment, yet he is admitted after judgment by de-Poslng as a witness, to disturb the operation of the .execution, which is the life of the law, and thereby to affect the interest of his adversary as vitally as he could do if sworn before judgment. The rule, *619 therefore, is often virtually, and sometimes literally violated, where interest is supposed to be wanting. We have no hesitation in saying, that in every cáse, where a party in a remote degree, represents his own interest in a suit, the rule ought to be strictly'adhered to.- But when his own interest is not in any degree involved, there may be cases where the rule ought to be relaxed.
An executor cannot be a witness in an action against him as such,-because in a subsequent action against him for a devas-tavit, the verdict and judgment against him as executor, would be evidence to charge him personally.
Uncertainty of such sub-quent suit,-is immaterial.
From this conculsion, as to the reason of rejecting or admitting parties, it might at first be supposed that this witness ought to have been admitted.
But there is a contingency depending on the verdict and judgment, in which the personal interest of the witness may be deeply involved. It is true,that if by his swearing, he could save that portion of the estate in dispute, he would be bound to pay it to the distributees-. But his accountability to-creditors depends on their being able to obtain judgments against him. The first judgment is obtained against the fund in his hands, and it is indispen-sible evidence against him in all further proceedings for the same demand. If he fails to pay the judgment when pursued by execution, he is liable to an action for a devastavit. If the first judgment cannot be obtained because his own oath prevents it, he thereby saves himself from all liability personally in the second, and it is a general rule, that no person ought to be a witness in any case where the verdict and judgment can be given in evidence for or against him’ in any future controversy. Here the judgment., if obtained, would be evidence against him, in a proceeding where he may become personally liable, and his testimony is calculated to relieve him from the danger of that evidence.
It may be somewhat uncertain whether there would be an occasion to use the judgment against him hereafter, but his competence does not depend upon the certainty of using the evidence against him hereafter, but on the certainly that it may be used, if it should be wanting.
Residuary fegalee not competent for the executor tho’ it appear, there can be no residium.
Question of assets or not, how determined.
Answer of an executor to the bill of a distributee, so far as it contains new affirmative matter, is not evidence for him.
Executor is not a competent witness against either the legatees or creditors, to disprove their claims.
*620 Hence it is said, tliat a residuary legatee shall not be a witness against the plaintiff in a suit bfought to charge the estate with a debt, although it appears that the estate is so much expended, that there will be no residiurn.
If the issue here was on the plea of plerie adminis-travit, it could not be plausibly contended that the executor would be a competent witness in a court of law, in favor of himself, to verify the rectitude of his own acts. According to our code, that issue may be madil up hereafter on this same demand, if the plaintiff never succeeds; but such an issue can never be formed, if the testimony of the executor be admitted to defeat the whole claim. Every executor guarantees the correct management of the estate he administers, by binding his own estate. It is the security that lie will pay the debts, and if his oath is admitted to defeat these debts, then his estate is relieved pro tanto from the pledge.
It may be said that his estate is also bound to the distributee, that he will pay to him the same fund, and that the legatee, or distributee may implead him in equity, where'the executor may be a witness. To this it may be replied, that in equity by answer, he jsa witness only to deny affirmative allegations* which serves no other purpose than putting the allegations in issue, and requiring a greater degree of proof, and if he inserts affirmative matter in his answer, the answer in this point proves nothing. If he admits affirmative allegations, which he is called upon to admit, he is then only' the witness of the complainant, who requires, or compels him to become a witness, arid here he is offered as a witness mirmlum. Could he then be imposed as a witness by way of deposition in a chancery suit brought by the legatees, and prove that their legacies were discharged already? It is presumed not, and that is a case more analogous to the present.
He is then no witness against either creditor or' legatee, to prove that' they have no claims at all against the fund in his hands, while his own estate is pledged to pay the fund to those entitled thereto. It would be improperio permit him to prove that *621 they have no title. If be should thus be permitted to disprove the claims, it places a strong temptation of interest to defeat all claims both of legatees and and creditors, and by his own swearing, and thus shield, not only his proper estate, but also keep the estate of his testator in his hands.
Query, of executors competency, in an action by him as executor.
Judgment for new trial.
Denny, for appellant; Duncan, for appellee.
If he was plaintiff, there might be greater doubt on the point, but as he is defendant and his oath is offered to defeat a claimant from recovering a debt out of the trust fund, which he has bound himself personally to pay, if the fund is sufficient, and the claim just, we apprehend he ought not to be admitted, and that the court erred in letting in liis testimony.
The judgment must be reversed with costs, and verdict set aside, and cause remanded for new proceedings not inconsistent with this opinion.